IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RYAN DATA EXCHANGE, LTD.
d/b/a RYDEX, LTD.,

        **Plaintiff,**

    v.                                Civil Action No.: 2:12-cv-00208

**BADGER METER, INC., BALCRANK
CORPORATION, and LINCOLN
INDUSTRIAL CORPORATION,**

        **Defendants.**

## DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS
## TO THE FIRST AMENDED COMPLAINT

Defendants Badger Meter, Inc., Balcrank Corporation, and Lincoln Industrial Corporation (collectively, "Defendants Badger Meter et al."), by and through its counsel, answer the first amended complaint by Plaintiff Ryan Data Exchange, Ltd., d/b/a Rydex, Ltd. ("Rydex") as follows:

### THE PARTIES

1.    In answer to paragraph 1 of the Amended Complaint, Defendants Badger Meter et al. lack knowledge or information sufficient to form a belief as to the truth of the allegation.

2.    In answer to paragraph 2 of the Amended Complaint, Defendant Badger Meter, Inc. admits, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

3. In answer to paragraph 3 of the Amended Complaint, Defendant Badger Meter, Inc. admits, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

4. In answer to paragraph 4 of the Amended Complaint, Defendant Balcrank Corporation admits, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

5. In answer to paragraph 5 of the Amended Complaint, Defendant Balcrank Corporation admits, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

6. In answer to paragraph 6 of the Amended Complaint, Defendant Lincoln Industrial Corporation admits, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

7. In answer to paragraph 7 of the Amended Complaint, Defendant Lincoln Industrial Corporation admits, and the other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

**JURISDICTION AND VENUE**

8. In answer to paragraph 8 of the Amended Complaint, Defendants Badger Meter et al. admit that Rydex purports to pursue claims under U.S. Patent Law, and that this action therefore arises under 35 U.S.C. § 1 *et seq.*, and therefore this Court has subject matter jurisdiction. Defendants Badger Meter et al. deny any claims of infringement in this judicial district or any other, and deny that Rydex is entitled to relief under 35 U.S.C. § 1 *et seq.*

9. In answer to paragraph 9 of the Amended Complaint, Defendants Badger Meter et al. admit that they are subject to personal jurisdiction in the United States District Court for the Eastern District of Wisconsin. Defendant Badger Meter, Inc. admits selling and distributing

products accused by Rydex of infringement to Defendants Balcrank Corporation and Lincoln Industrial Corporation in this District, but denies that such products do in fact infringe any valid claim of U.S. Patent No. 5,913,180, and Defendants Bacrank Corporation and Lincoln Industrial Corporation lack sufficient knowledge or information as to the truth of the allegations as to the sale and distribution of infringing products and therefore deny the same

  10. In answer to paragraph 10 of the Amended Complaint, Defendants Badger Meter et al. admit that venue is proper in this District.

**NON-INFRINGEMENT OF THE RE-EXAMINED U.S. PATENT NO. 5,913,180**

  11. In answer to paragraph 11 of the Amended Complaint, Defendants Badger Meter et al. admit that the '180 patent is entitled "Fluid Delivery Control Nozzle," and that on its face, the '180 patent was issued to Michael C. Ryan on June 15, 1999. Defendants Badger Meter et al. further admit that the '180 patent was subjected to reexamination, and that a certificate regarding same was issued on April 26, 2011 (hereafter "the re-examined '180 patent"). However, Defendants Badger Meter et al. lack knowledge or information sufficient to form a belief as to whether all of the requirements of patentability were met such that the re-examined '180 patent was "duly and legally" issued, and therefore denies all other allegations in paragraph 11.

  12. In answer to paragraph 12 of the Amended Complaint, Defendants Badger Meter et al. lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding assignment of the re-examined '180 patent, and therefore deny this allegation. Defendants Badger Meter et al. admit that a copy of the re-examined '180 patent is attached to the Amended Complaint as Exhibit A.

  13. In answer to paragraph 13 of the Amended Complaint, Defendants Badger Meter et al. admit that a re-examination request was filed for these claims, but in addition new claims 18-25 were added for examination.

14. In answer to paragraph 14 of the Amended Complaint, Defendants Badger Meter et al. admit that a reexamination certificate was issued on April 26, 2011 to provide a re-examined '180 patent, admits that claims were canceled and claims were added, but denies that claim 4 was only amended to place it independent form, and states that all claims in the original '180 patent were either amended or depend from an amended claim, or were canceled during the re-examination proceeding. Defendants Badger Meter et al. admit that new claims 18-25 were added in the re-examination proceeding.

15. In answer to paragraph 15 of the Amended Complaint, Defendants Badger Meter et al. admit that the patent relates to fluid delivery nozzles, but for more definition reference is made to the claims and the description of the re-examined '180 patent, and therefore Badger Meter et al. denies the remaining allegations of this paragraph 15.

16. In answer to paragraph 16 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of any of the allegations, and therefore denies each and every allegation of this paragraph 16.

17. In answer to paragraph 17 of the Amended Complaint, Defendants deny each and every allegation of this paragraph 17.

18. In answer to paragraph 18 of the Amended Complaint, Defendants deny each and every allegation of this paragraph 18.

19. In answer to paragraph 19 of the Amended Complaint, Defendants deny each and every allegation of this paragraph 19.

20. In answer to paragraph 20 of the Amended Complaint, Defendants deny each and every allegation of this paragraph 20.

21. In answer to paragraph 21 of the Amended Complaint, Defendants deny each and every allegation of this paragraph 21.

22. In answer to paragraph 22 of the Amended Complaint, Defendants deny each and every allegation of this paragraph 22.

23. Defendants are not required to admit or deny Rydex's prayers for relief. However, Defendants deny any allegations contained therein, and deny that Rydex is entitled to any of the relief specified in the prayer for relief in paragraph 23 of the Amended Complaint.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses, Defendants allege as follows:

24. No product imported, made, sold, or offered for sale by Defendant Badger Meter, Inc. infringes any valid and enforceable claim of the re-examined '180 patent, either directly or indirectly, literally or under the doctrine of equivalents. Accordingly, neither Defendant Balcrank nor Defendant Lincoln, both of whom are resellers of products made and sold by Defendant Badger Meter, Inc., has infringed the re-examined '180 patent for the same reasons.

25. Rydex is estopped by virtue of amendments, arguments, omissions, and/or concessions made to the United States Patent and Trademark Office during reexamination proceedings of the '180 patent, from construing any of the claims of the patents to cover the manufacture, use, or sale of any products made, used, or sold by Defendants.

26. The re-examined '180 patent and each of the claims material to this action are, upon information and belief, invalid, void, or unenforceable under Title 35 of the United States Code for failure to comply with one or more of the following conditions for patentability required under the same:

    a. The claimed invention in the re-examined '180 patent contains non-statutory subject matter under 35 U.S.C. § 101.

    b. The claimed invention in the re-examined '180 patent is anticipated by one or more prior art references, and is therefore unpatentable under 35 U.S.C. § 102.

c. The claimed invention in the re-examined '180 patent is obvious in view of the prior art, and is therefore unpatentable under 35 U.S.C. § 103.

d. The re-examined '180 patent fails to provide a full, clear, concise and exact written description of the invention so as to enable any person skilled in the art to which it pertains to make and use the same, rendering the patent invalid under 35 U.S.C. § 112.

e. The re-examined '180 patent fails to set forth the best mode contemplated by the inventor of carrying out the invention, rendering the patent invalid under 35 U.S.C. § 112.

f. The re-examined '180 patent fails to particularly point out and distinctly claim the subject matter which the applicants regarded as their invention, rendering the claims indefinite and thus invalid under 35 U.S.C. § 112.

g. The re-examined '180 patent was amended during the re-examination to introduce new matter and is therefore invalid under 35 U.S.C. 132(a).

27. Rydex's action is barred and/or its claim for damages is limited by the statute of limitations for patent infringement actions under 35 U.S.C. § 286.

28. Rydex's action is barred or otherwise limited under each of the equitable doctrines of estoppel, waiver, and laches.

29. Defendants have absolute intervening rights that bar or otherwise limit Rydex's action under 35 U.S.C. 307(b) and 35 U.S.C. §252, ¶ 1.

30. Defendants have equitable intervening rights that bar or otherwise limit Rydex's action under 35 U.S.C. 307(b) and 35 U.S.C. §252, ¶ 2.

31. Rydex's action is barred or limited by failing to provide notice of the patent under 35 U.S.C. § 287.

32.   Rydex is not entitled to costs under 35 U.S.C. § 288, because one or more of the claims of the re-examined '180 patent is invalid.

33.   The Complaint should be dismissed for failure to state a claim upon which relief could be granted.

## COUNTERCLAIMS

34.   Defendant Badger Meter, Inc., now Counterclaimant ("Badger Meter") brings the following counterclaims against Rydex.

35.   Badger Meter realleges and incorporates by reference the allegations of the Answer and Affirmative Defenses to the Amended Complaint.

### 1.   THE PARTIES

36.   Badger Meter is a corporation organized under the laws of Wisconsin.

37.   Counterclaim Defendant Ryan Data Exchange, Ltd., d/b/a Rydex, Ltd. ("Rydex") alleges that it is an Iowa corporation.

### 2.   JURISDICTION AND VENUE

38.   This is an action for declaratory judgment adjudging that each and every claim of United States Patent No. 5,913,180 (the re-examined '180 patent) is invalid and/or not infringed. Accordingly, this action arises under 35 U.S.C. § 1, *et seq.*, and jurisdiction is proper under 28 U.S.C. §§ 2201 and 2202, and under 28 U.S.C. §§ 1331 and 1338(a).

39.   An actual, substantial, and continuing justiciable controversy exists between Badger Meter and Rydex with respect to which Badger Meter requires a declaration of rights. Specifically, the controversy relates to the invalidity of the re-examined '180 patent and to Rydex's right to threaten and/or maintain a suit against Badger Meter for alleged infringement of the re-examined '180 patent.

40.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## DECLARATORY JUDGMENT OF INVALIDITY
## AND NON-INFRINGEMENT OF THE RE-EXAMINED '180 PATENT

41. Badger Meter realleges and incorporates by reference the allegations of paragraphs 34 – 40 as though fully set forth herein.

42. This is an action for declaratory judgment under 28 U.S.C. §§ 2201, 2202 and Title 35 of the United States Code.

43. By its Amended Complaint, Rydex has alleged that it is the owner of the re-examined '180 patent and that Badger Meter has been and is infringing the patent.

44. No product imported, made, sold, or offered for sale by Badger Meter embodies each and every element of any claim of the re-examined '180 patent, directly or indirectly, literally or under the doctrine of equivalents (or under the reverse doctrine of equivalents). Accordingly, Badger Meter has not infringed the re-examined '180 patent.

45. Rydex is estopped by virtue of amendments, arguments, omissions, and/or concession made to the United States Patent and Trademark Office during reexamination proceedings of the re-examined '180 patent, from construing any of the claims other than literally, and when so construed are not infringed by the manufacture, sale, use or importation of any products made, sold, used or imported by Badger Meter, Inc.

46. The re-examined '180 patent and each of the claims material to this action are, upon information and belief, invalid, void, or unenforceable under 35 U.S.C. § 282 for failure to comply with one or more of the following conditions for patentability required under the Patent Act:

   a. The claimed invention is anticipated by one or more prior art references, and is therefore unpatentable under 35 U.S.C. § 102.

b. The claimed invention is obvious in view of the prior art, and is therefore unpatentable under 35 U.S.C. § 103.

c. The re-examined '180 patent fails to provide a full, clear, concise and exact written description of the invention so as to enable any person skilled in the art to which it pertains to make and use the same, rendering the patent invalid under 35 U.S.C. § 112.

d. The re-examined '180 patent fails to set forth the best mode contemplated by the inventor of carrying out the invention, rendering the patent invalid under 35 U.S.C. § 112.

e. The re-examined '180 patent fails to particularly point out and distinctly claim the subject matter which the applicants regarded as their invention, rendering the claims indefinite and thus invalid under 35 U.S.C. § 112.

f. The re-examined '180 patent was amended during the re-examination to introduce new matter and is therefore invalid under 35 U.S.C. 132(a).

47. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Badger Meter and Rydex as to whether there exists any enforceable claim of the re-examined '180 patent.

48. Badger Meter requests a judicial determination and declaration regarding the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Badger Meter demands judgment as follows:

a. a determination that the re-examined '180 patent is invalid and not infringed;

b. dismissal of Rydex's complaint;

c. an award of attorney fees and costs as permitted by law; and

   d. such other relief as the court deems just.

## JURY TRIAL DEMANDED

Defendant demands a jury trial on all issues so triable.

                                               Respectfully submitted,

Date: March 7, 2012          By: s/Michael T. Griggs
                                        James F. Boyle
                                        jfb@boylefred.com
                                        Michael McGovern
                                        mjm@boylefred.com
                                        Michael T. Griggs
                                        mtg@boylefred.com
                                        *Attorneys for Defendants Badger Meter, Inc., Balcrank Corporation and Lincoln Industrial Corporation*

Boyle Fredrickson, SC
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
e-mail: docketing@boylefred.com

## CERTIFICATE OF SERVICE

      I hereby certify that on March 7, 2012, a copy of the foregoing document was mailed via U.S. mail to the following attorneys of record:

| | |
|---|---|
| Holly Henderson Barnes<br>Goldstein & Lipski LLC<br>1177 W. Loop S – Ste. 400<br>Houston, TX 77027 | *Counsel for Rydex Ltd.* |
| Edward W. Goldstein<br>Goldstein & Lipski LLC<br>1177 W. Loop S – Ste. 400<br>Houston, TX 77027 | *Counsel for Rydex Ltd.* |
| Stephen Frederick Schlather<br>Collins Edmonds & Pogorzelski PLLC<br>1616 S. Voss Rd – Ste. 125<br>Houston, TX 77057 | *Counsel for Rydex Ltd.* |

                                               s/Michael T. Griggs
                                               Michael T. Griggs
                                               Attorney for the defendants

Boyle Frederickson S.C.
840 N. Plankinton Ave.
Milwaukee, WI 53203
Telephone: (414) 225-9755
Facsimile: (414) 225-9753